```
F. MICHAEL DAILY, JR., LLC
ATTORNEY AT LAW
216 Haddon Avenue • Sentry Office Plaza
Suite 106
Westmont, New Jersey 08108
Telephone No.  (856) 833-0006
Fax No.  (856) 833-1083
Our File #F-2414-13
Attorney for the Plaintiff
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| NICO ELECTRICAL CONTRACTOR, INC., and MARSHALL B. WILLIAMS, : : : Plaintiffs, : vs. : : CITY OF CAMDEN, EUGENE EMENECKER, WILLIAM REVAITIS, JAMES RIZZO, and IRAIDA AFANADOR, : : : Defendants. | CIVIL ACTION NO. COMPLAINT WITH JURY DEMAND |

The Plaintiffs, Nico Electrical Contractor, Inc., and Marshall B. Williams, by way of complaint against the Defendants say:

**PARTIES, JURISDICTION AND VENUE**

1.  The Plaintiff, Nico Electrical Contractor, Inc., is a

corporation created under the laws of the State of New Jersey and has a principal place of business at 5328 Browning Road, Pennsauken, Camden County, New Jersey.

2. The Plaintiff, Marshall B. Williams, is an individual who is the sole owner and operator of the Plaintiff, Nico Electrical Contractor, Inc.

3. The Defendant, City of Camden, is a governmental entity created under the laws of the State of New Jersey and has a principal office at 520 Market St. Camden, Camden County, New Jersey.

4. The Defendant, Eugene Emenecker, is an individual who at all times relevant to this matter was employed by the City of Camden as an electrical inspector under the supervision of Defendant, William Revaitis. He is sued in this matter in both his official and individual capacities.

5. The Defendant, William Revaitis, is an individual who at all times relevant to this matter was employed by the City of Camden as the Electrical Sub Code Official under the supervision of Defendant, James Rizzo. He is sued in this matter in both his official and individual capacities.

6. The Defendant, James Rizzo, is an individual who at all times relevant to this matter was employed by the City of Camden as the Construction Official of the Department of Code under the supervision of Defendant, Iraida Afanador. He is sued in this

matter in both his official and individual capacities.

7. The Defendant, Iraida Afanador, is an individual who at all times relevant to this matter was employed by the City of Camden as the Director of the Department of Code. She is sued in this matter in both her official and individual capacities.

8. In this matter the Plaintiffs assert that they were deprived of their rights to association as guaranteed by the First Amendment and as a result thereof the Court has jurisdiction over Plaintiffs' claims pursuant to 38 U.S.C. §1331, as an action arising under the Constitution of the United States, and 28 U.S.C. §1343(A)(3), to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

9. Venue is properly laid pursuant to 28 U.S.C.§1391(b) in the District of New Jersey, because the defendants are located in this district, and the events giving rise to the claim occurred in this district.

**FACTUAL ALLEGATIONS**

10. The plaintiff Marshall Williams is a New Jersey licensed electrical contractor.

11. Prior to the year 1998, Marshall Williams was a member of the IBEW Union.

12. In approximately 1998 Marshall Williams left the union and became an independent non-union electrical contractor.

13. Defendants Eugene Emenecker and William Revaitis are both

former members of the IBEW Union.

14. Initially Marshall Williams performed work under the name "Nico Electric" and then in 2005 he formally incorporated his business as Nico Electrical Contractor, Inc.

15. In the year 2002 Marshall Williams was the low bidder on a contract to provide electrical maintenance services to the City of Camden for a period of three years.

16. Not long after being awarded this contract Marshall Williams had a telephone conversation with Richard Feliciano the chief financial officer of the City of Camden.

17. In that conversation Marshall Williams was advised by Mr. Feliciano that he had received a call from Donald Norcross of the IBEW and had been screamed at by Mr. Norcross for the City having awarded a contract to a non-union contractor.

18. In addition during this period of time Marshall Williams had a conversation with the Defendant, Revaitis, who asked Marshall Williams how he was going to deal with the union when attempting to perform work for the City of Camden.

19. Not surprisingly during the entire three-year period of the contract Marshall Williams did not receive one job to perform under the contract.

20. Over the following years Marshall Williams and Nico continued to receive disparate treatment from the Defendants, Eugene Emenecker and William Revaitis, aimed at discouraging them

-4-

from performing non-union work within the City of Camden.

21. This included the Defendants, Eugene Emenecker and William Revaitis, regularly refusing without basis to approve work performed by the Plaintiffs for private persons and entities located when the City of Camden.

22. Such conduct has continued to the present time and has within the last two years included the incidents set forth hereafter.

23. Rejection of the Plaintiffs' work performed at 1302 Browning Street, Camden, New Jersey, by the Defendant Emenecker without a reasonable basis.

24. Rejection of the Plaintiffs' work performed at 931 South 7th Street, Camden, New Jersey by the Defendant Revaitis without a reasonable basis.

25. Rejection of the Plaintiffs' work performed at 1571 S. 8th Street, Camden, New Jersey, by the Defendant Emenecker without a reasonable basis and accompanied by disparaging remarks to the homeowner regarding the Plaintiffs.

26. The Defendant Revaitis during an inspection advising the owner of 1207 Mt. Ephraim Avenue, Camden, New Jersey that he should use the services of a contractor other than the Plaintiffs.

27. The aforesaid occurrences were reported by the Plaintiffs to the Defendants, Rizzo and Afanador, however, said defendants have failed to take action, have ratified the aforesaid actions of

their subordinates, and have continued the long existing policy of the City of Camden to discourage non-union contractors from working in the city.

28.   As a result of the foregoing the Plaintiffs have sustained pecuniary losses in the form of lost income and profits.

29.   As a result of the foregoing the Plaintiff, Marshall Williams has sustained non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and such other non-pecuniary losses as maybe disclosed in discovery.

30.   The aforesaid actions of the individual defendants were performed intentionally and maliciously and were especially egregious.

## FIRST COUNT

31.   At all times relevant to this matter the Plaintiffs had a right to associate or not associate with a union and such right of association was protected by the First Amendment.

32.   On account of the Plaintiffs exercising such right by electing to work as a non-union contractor, the Defendants under color of state law retaliated against the Plaintiffs as set forth above at ¶¶ 20 to 27 of this complaint.

33.   As a direct result of the foregoing violation of their First Amendment rights, the Plaintiffs sustained the damages set forth above at ¶¶ 28 & 29 of this complaint.

34. Pursuant to 42 U.S.C. §1988, plaintiff is entitled to attorney's fees and expert fees in connection with the bringing of the claims asserted in this matter.

Wherefore, plaintiff, demands judgement against the defendants for:

    a.    Compensatory damages;

    b.    Nominal damages in the event no compensatory damages are allowed;

    c.    Punitive damages against the individual defendants;

    d.    Costs of the action;

    e.    Reasonable attorney's fees and costs; and,

    f.    Such other and further relief as this Court may deem appropriate and just.

        **F. MICHAEL DAILY, JR., LLC**
        **Attorney for the Plaintiff**

        **BY:** /s/   *F. Michael Daily, Jr.*
          **F. Michael Daily, Jr.**

### Jury Demand

Plaintiff herewith demands a jury trial as to all issues which are triable by jury.

        **F. MICHAEL DAILY, JR., LLC**
        **Attorney for the Plaintiff**

        **BY:** /s/   *F. Michael Daily, Jr.*
          **F. Michael Daily, Jr.**

Dated: October 17, 2013.