John C. Eastlack, Jr., Esq. (ID No 022991986)
Daniel E. Rybeck, Esq. (ID No. 039232007)
**WEIR & PARTNERS LLP**
*A Pennsylvania Limited Liability Partnership*
The Liberty View Building
457 Haddonfield Road, Suite 420
Cherry Hill, NJ 08002
T: 856-662-1018
F: 856-662-1592

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICO ELECTRICAL CONTRACTOR, INC., and MARSHALL B. WILLIAMS,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF CAMDEN, EUGENE EMENECKER, WILLIAM REVAITIS, JAMES RIZZO, and IRAIDA AFANADOR,<br>    Defendants. | **CIVIL ACTION: 1:13-cv-06353 (JHR-AMD)**<br><br><br><br>**ANSWER TO COMPLAINT** |

Defendants, by way of Answer to Plaintiffs' Complaint, say:

**PARTIES, JURISDICTION & VENUE**

1.      Neither admitted nor denied as Defendants are without information to formulate a response to same.  Plaintiffs are left to their proofs.

2.      Neither admitted nor denied as Defendants are without information to formulate a response to same.  Plaintiffs are left to their proofs.

3.      Admitted that the City of Camden is a municipality within the State of New Jersey.

4.      Admitted that Defendant Eugene Emenecker is an employee of the City of Camden.

5.      Admitted that Defendant William Revaitis is an employee of the City of Camden.

6. Admitted that Defendant James Rizzo is an employee of the City of Camden.

7. Admitted that Defendant Araida Afanador is an employee of the City of Camden.

8. Neither admitted nor denied as the statement is a legal conclusion to which no response is required.

9. Neither admitted nor denied as the statement is a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

10. Neither admitted nor denied as Defendants are without information to formulate a response to same. Plaintiffs are left to their proofs.

11. Neither admitted nor denied as Defendants are without information to formulate a response to same. Plaintiffs are left to their proofs.

12. Neither admitted nor denied as Defendants are without information to formulate a response to same. Plaintiffs are left to their proofs.

13. Neither admitted nor denied as Defendants are without information to formulate a response to same. Plaintiffs are left to their proofs.

14. Neither admitted nor denied as Defendants are without information to formulate a response to same. Plaintiffs are left to their proofs.

15. Neither admitted nor denied as Defendants are without information to formulate a response to same. Plaintiffs are left to their proofs.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## FIRST COUNT

31. Neither admitted nor denied as the statement is a legal conclusion to which no response is required.

32. Denied.

33. Denied.

34. Denied.

**WHEREFORE**, Defendants demand judgment on this Count dismissing Plaintiffs' Complaint with prejudice together with counsel fees, costs of suit, and any such other relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with the notice provisions of the New Jersey Tort Claims Act, specifically 59:8-1 et seq., and Answering Defendants reserve the right to move to dismiss Plaintiffs' Complaint on this basis.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth, with specificity, facts alleging constitutional violations, and as such Plaintiffs' Complaint is barred, and Answering Defendants reserve the right to move to dismiss Plaintiffs' Complaint on this basis.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint for punitive damages must be dismissed pursuant to N.J.S.A. 59:9-2c.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendants hereby reserve the right to claim damages recoverable under Federal Rule 11 and/or the New Jersey Frivolous Law Suit Statute, N.J.S.A. 2A:15-59.1 et seq.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

This Court lacks in personam jurisdiction to hear the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from suit for the acts alleged in Plaintiffs' Complaint.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendants acted reasonably and in good faith based upon the information available to Answering Defendants.

### TENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction to hear the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred by the Doctrine of Equitable/Legal Estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the Doctrine of Unclean Hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the Doctrine of Laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the within Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants breached no duties to Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

The incident described in the Complaint was caused wholly or partly by the negligence or intentional acts of the Plaintiffs and Plaintiffs are barred from recovery or their recovery is reduced thereby.

### SEVENTEENTH AFFIRMATIVE DEFENSE

A public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct pursuant to N.J.S.A. 59:2-10.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendants have breached no obligation and/or duty owed to the Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendants acted upon reasonable grounds and without malice and are therefore not answerable to the Plaintiffs in damages.

### TWENTIETH AFFIRMATIVE DEFENSE

In the event that it is found that the remaining Defendants named or unnamed were performed with malice and based upon unreasonable grounds, said acts are outside the scope of authorization from Defendant City of Camden, and is outside the scope of employment. As such, answering Defendants are not answerable to the Plaintiffs for damages as liability would not attach to said Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The City of Camden properly trained and supervised its employees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendants have performed each and every duty owed to the Plaintiffs. If Answering Defendants are found to have breached any obligation or duties owed to the Plaintiffs, which breach is specifically denied, such breach was not the approximate cause of any injuries which may have been sustained by the Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendants plead all those defenses that would have been permissible to Answering Defendants in accordance with common law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' contributory negligence or intentional acts were the sole and/or proximate cause of any alleged injuries suffered by the Plaintiffs.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendants plead all those statutory defenses permissible in accordance with New Jersey Criminal Code.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This action is barred by N.J.S.A. 59:1-1 et seq.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This action is governed by the provisions of N.J.S.A. 59:1-1 et seq., and the same are incorporated herein as if set forth herein at length.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Pursuant to N.J.S.A. 59:9-2(d), Plaintiff is not entitled to recover for pain and suffering.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendants claim credit for all collateral sources from which Plaintiffs have received or may receive benefits, pursuant to N.J.S.A. 59:1-1 et seq.

### THIRTIETH AFFIRMATIVE DEFENSE

At all relevant times, Answering Defendants acted in compliance with all applicable federal, state and local laws, statutes, ordinances and regulations, which compliance bars Plaintiffs from asserting the claims herein.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for failing to file a timely and adequate Notice of Tort Claim pursuant to N.J.S.A. 59:8-1 et seq.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred pursuant to N.J.S.A. 59:2-5 and 59:3-6.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred pursuant to N.J.S.A. 59:2-6 and 59:3-7.

WEIR & PARTNERS LLP

Dated:  December 2, 2013 /s/ John C. Eastlack, Jr., Esq.
John C. Eastlack, Jr., Esq.

## CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION

While denying any liability in this action, the Answering Defendants allege that in the event that the Plaintiffs obtain a judgment against Answering Defendants, Answering Defendants are entitled to contribution and/or indemnification against the remaining Defendants or John Does.  Accordingly, and without admitting any liability whatsoever, Answering Defendants hereby demand from any/all Co-Defendants currently named or to be named to this action for contribution and/or indemnification pursuant to any and all applicable provisions of common law and/or contract and/or statute, including but not limited to the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:15-5.1 et seq.; the New Jersey Tort Claims Act, N.J.S.A. 59:9-3 and 59:9-4 and/or by way of demand for complete indemnification against all other Defendants currently named or to be named, assert that any negligence on the part of Answering Defendants is only secondary, vicarious and imputed whereas the negligence of any/all such other defendants is primary, direct and active.

**WHEREFORE**, Answering Defendants demand that the remaining Defendants or John Does or parties later added be held jointly and/or severally liable for contribution and/or

indemnification to Answering Defendants for any recovery made by the Plaintiffs in the present matter.

## RESERVATION OF DEFENSES AND OBJECTIONS

Answering Defendants reserve the right to assert and raise any additional objections and affirmative defenses which become known during the course of discovery.

## DEMAND FOR STATEMENT OF DAMAGES

**TAKE NOTICE** that Answering Defendants herein hereby demand the Plaintiffs, though their attorney, to serve a Statement of Damages claimed within five (5) days of the date of service hereof.

## JURY DEMAND

Answering Defendants demand trial by jury on the issues.

## DESIGNATION OF TRIAL COUNSEL

John C. Eastlack, Jr., Esquire, attorney for Answering Defendants, is hereby designated as trial counsel in the within action.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I, John C. Eastlack, Jr., Esquire, hereby certify as follows:

1.      To the best of my knowledge, this matter is not the subject of any other action pending in any court or any pending arbitration proceeding.

2.  To the best of my knowledge, no other action or arbitration proceeding is contemplated.

3.  To the best of my knowledge, there are no other parties who should be joined in this litigation at this time.

4.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                            **WEIR & PARTNERS LLP**

Dated: December 2, 2013        By: /s John C. Eastlack, Jr., Esq.
                                                     John C. Eastlack, Jr., Esq.

## CERTIFICATION OF SERVICE

I certify that a copy of this Answer of Defendants was served via electronic filing upon all counsel of record.

                                            **WEIR & PARTNERS LLP**

Dated: December 2, 2013        By: /s John C. Eastlack, Jr., Esq.
                                                     John C. Eastlack, Jr., Esq.